1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  Alfred L. Brooks,

12            Plaintiff,                No. CIV S-97-2117 LKK PAN P

13      vs.

14  James Busi, et al.,

15            Defendants.               ORDER

16  _____/

17            Plaintiff has filed a request for reconsideration of this court's June 1, 2005, order

18  dismissing the action based on qualified immunity and judgment.

19                    Standards For Motions To Reconsider

20            Although motions to reconsider are directed to the sound discretion of the court,

21  Frito-Lay of Puerto Rico, Inc. v. Canas, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981),

22  considerations of judicial economy weigh heavily in the process.  Thus Local Rule 78-230(k)

23  requires that a party seeking reconsideration of a district court's order must brief the "new or

24  different facts or circumstances [which] were not shown upon such prior motion, or what other

25  grounds exist for the motion."  The rule derives from the "law of the case" doctrine which

26  provides that the decisions on legal issues made in a case "should be followed unless there is

substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Courts construing Federal Rule of Civil Procedure 59(e), providing for the alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment." Costello v. United States, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); see also F.D.I.C. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986); Keyes v. National R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991). These holdings "reflect[] district courts' concerns for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F.Supp. at 1009.

Here, plaintiff merely seeks to rehash arguments already presented and he fails to meet the requirements for reconsideration under Local Rule 78-230(k) and Fed. R. Civ. P. 59.

Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's order and judgment of June 1, 2005, are affirmed.

DATED:  August 17, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT